UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING, JR.
FEDERAL BUILDING AND COURTHOUSE
50 WALNUT STREET
NEWARK, NJ 07102
973-645-6042

August 5, 2005

**LETTER-OPINION & ORDER**

Noel C. Crowley
Crowley & Crowley
20 Park Place
Morristown, NJ 07960

William J. Courtney
Antholis & Courtney, L.L.C.
2 Main Street
P.O. Box 112
Flemington, NJ 08822

    Re: **Greason-Graf v. American Flyers, Inc., et al.**
       **Civil No. 99-CV-2980 (JLL)**

Dear Counsel:

**INTRODUCTION**

  This matter is before the Court on plaintiffs' application for fees and costs pursuant to the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1 et seq. The Court has considered the papers submitted in support of and in opposition to the application. There was no oral argument. See Fed. R. Civ. P. 78.

**DISCUSSION**

  A jury awarded plaintiff $50,000 on March 22, 2005. Judgment was entered on March 29, 2005, and defendants were ordered to pay the jury award, with interest, plus an award of attorneys' fees and costs pursuant to the LAD. (See Judgment of 3/29/05.) This fee application was filed shortly thereafter.

I.   *Law*

Plaintiffs bear the burden of demonstrating the reasonableness of their hours and fees. Washington v. Philadelphia County Court, 89 F.3d 1031, 1035 (3d Cir. 1996). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); see also Rendine v. Pantzer, 141 N.J. 292, 334-35 (1995).

This Court excludes hours that are not "reasonably expended," namely, hours that are excessive, redundant, or unnecessary. Rode, 892 F.2d at 1183. The hours expended must be "productive." See Hensley, 461 U.S. at 434. Moreover, the Court is within its discretion to reduce an award for hours spent litigating claims on which a party did not prevail. Rode, 892 F.2d at 1183.

Once this Court determines the hours expended, it must examine the reasonableness of the rate. Id. This analysis requires inquiry into "the experience and skill of the prevailing party's attorney and compar[ing] their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable experience, skill, and reputation." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001). The movant carries the burden of establishing, by way of actual evidence, that this standard has been met. Id.

After determining the reasonable hours and rates, the Court multiplies the numbers to arrive at the "lodestar." Rode, 892 F.2d at 1183. The non-movant has the burden of establishing that a downward adjustment of the lodestar is necessary. Id. The Court can make such an adjustment if the "lodestar is not reasonable in light of the results obtained." Id. The Court cannot "'decrease a fee award based on factors not raised at all by the adverse party.'" Id. (quoting Bell v. United Princeton Props., Inc., 884 F.2d 713, 720 (3d Cir. 1989)). Nevertheless, in LAD cases, such as the instant action, the Court, "after having carefully established the amount of the lodestar fee, should consider whether to increase that fee to reflect the risk of nonpayment in all cases in which the attorney's compensation entirely or substantially is contingent on a successful outcome." Rendine, 141 N.J. at 337.

Notwithstanding the preceding analysis, it bears emphasis that the calculation of fees is "an inexact science." Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 267 (S.D.N.Y. 1995)).

II.   *Analysis*

Plaintiff is entitled to the following for her counsel's efforts in this action:

**$305,858.85** in fees, and

**$11,938.35** in costs.

    A.    Fees

The certification of plaintiff's lead attorney, William J. Courtney, reveals a generally detailed account of time expended in this action. Defendants argue that these hours must be reduced to reflect plaintiff's failed claims based on discrimination in pay. The Court agrees. See Rode, 892 F.2d at 1183. The Court deducts 10 percent of the hours expended on plaintiff's case in chief.[1] Plaintiff is entitled to the remaining hours, as these appear reasonable and yielded a favorable outcome. See id.

Turning to hourly rates, the Court finds that plaintiff's counsel has met its burden of establishing, through affidavits and other submissions, the reasonableness of the rates requested. See Loughner, 260 F.3d at 180. Defendants do not challenge the rates, and the Court will not disturb these.

Having thus arrived at the lodestar, which amounts to $278,053.50, the Court finds no basis for a downward departure. See Rode, 892 F.2d at 1183.

The Court now turns to the issue of contingency enhancement. Plaintiff, relying on Rendine, 141 N.J. at 337-43, requests a 50 to 100 percent increase of the lodestar. The Court deems this excessive. "Enhancements of that magnitude will be reserved for cases of that description in which no prospect existed for the attorney to be compensated by payment of a percentage of a large damages award, and in which the relief sought was primarily equitable in nature." Id. at 343 (emphasis added). This is not such a case.

Nevertheless, a lesser enhancement is surely in order, as the risk of non-payment was high throughout this litigation. See id. at 337. First, plaintiff was faced with the difficult task of demonstrating to a jury that, notwithstanding the non-existence of legally actionable wage disparity, which experienced employment litigators (such as plaintiff's counsel) would likely have foreseen, she had a reasonable belief that she was discriminated against on that very basis. These questionable prospects for success may have deterred some employment lawyers in the first instance. See id. at 340-41 (quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 751 (1987) (Blackmun, J., dissenting)). Second, this was a pure fee contingency case. There was no mitigation of counsel's risk through payment of a portion of the

---

[1]Plaintiff's counsel has not itemized hours directed to these particular issues. As a result, the Court has estimated these, taking into account the relative complexity of the issues and the extent of fact discovery, briefing, and the like conducted to advance the failed claims. The Court's estimate takes account of the overlap between the wage-disparity and retaliation claims, without which the deduction would have been more substantial. See Kluczyk v. Tropicana Prods., Inc., 368 N.J. Super. 479, 499-500 (App. Div. 2004).

attorneys' fees.  See id. at 340.  Third, defendants refused throughout the litigation even to consider settlement negotiations.  Plaintiff, therefore, in order to vindicate rights found by a jury to have been violated, was compelled to carry this litigation to its final and ultimate conclusion, without the possibility and hope for an intervening settlement.

Notwithstanding these risk factors, however, plaintiff did enjoy strong direct evidence of retaliation.  See id. at 341.  Mr. Harrington's behavior – for example, flying to New Jersey to demand resignations upon receipt of plaintiff's letter – was never seriously in doubt, and defendants' arguments that plaintiff was not actually fired were not particularly convincing.  The case therefore turned, in essence, on the reasonable-belief issue discussed above.  While this issue was admittedly challenging for plaintiff, it does not, standing alone, amount to a substantial economic disincentive to pursue a retaliation claim.  See id. at 340-41.  The Court also notes that this case was only ultimately worth $50,000, rendering a substantial enhancement less appropriate.  For these reasons, the Court enhances the lodestar fee by 10 percent.  See id. at 343.

In sum, the lodestar, after the 10 percent deduction is taken into account, amounts to $278,053.50.  The Court enhances the lodestar by 10 percent, yielding a fee award of $305,858.85.

B.     Costs

With respect to costs, these are sufficiently supported by plaintiff's submissions and not disputed by the defense.  Therefore, the Court awards the entirety of the expenses, which amount to $11,938.35.

## CONCLUSION

For the reasons stated above, plaintiff is awarded $305,858.85 in attorneys' fees and $11,938.35 in costs, amounting to a total award of **$317,797.20**.

SO ORDERED.

/s/ Jose L. Linares
United States District Judge